IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**NATHANIEL McKENZIE,**

    **Plaintiff,**

vs.                                                                No CIV-06-0190 RLP/ACT

**VICKI LIVELY and LANDSTART
INWAY, INC.,**

    **Defendants**

## MEMORANDUM OPINION AND ORDER
## GRANTING PLAINTIFF'S MOTION TO REMAND

**THIS MATTER** comes before the Court upon Plaintiff's Motion to Remand, filed March 31, 2006. (Doc. No. 7). This action was originally filed on February 14, 2006, in the Second Judicial District Court of Bernalillo County, State of New Mexico. Defendant filed its Notice of Removal to the United States District Court for the District of New Mexico on March 13, 2006, asserting diversity jurisdiction. (Doc. No. 1). For a federal court to exercise diversity jurisdiction, there must be complete diversity in the citizenship of the parties and the amount in controversy must exceed $75,000, exclusive of interest and costs. §28 U.S.C. 1332(a). Plaintiff contends that Defendant cannot remove this action to federal court because it has not alleged an amount in controversy over $75,000.

Before exercising jurisdiction, this court must be satisfied that the requirements for jurisdiction have been met. "Subject matter jurisdiction cannot be conferred or waived by consent, estoppel, or failure to challenge jurisdiction early in the proceedings." Laughlin v. K-Mart Corp., 50 F.3d 871, 873 (10th Cir.1995). "There is a presumption against removal jurisdiction," and doubtful cases must be resolved in favor of remand. Id.; see also American Fire & Cas. Co. v. Finn, 341 U.S. 6, 17-18, 71

S.Ct. 534, 95 L.Ed. 702 (1951) (stating that "[t]he [removal] jurisdiction of the federal courts is carefully guarded against expansion by judicial interpretation or by prior action or consent of the parties").

In Laughlin, the Tenth Circuit held that:

> The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal. Lonnquist v. J.C. Penney Co., 421 F.2d 597, 599 (10th Cir. 1970). The burden is on the party requesting removal to set forth, in the notice of removal itself, the "*underlying facts* supporting [the] assertion that the amount in controversy exceeds [$75,000]." Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992).

Id. at 873. (emphasis in original).

Clearly, Laughlin requires that a defendant, seeking to remove an action to federal court, must do more than assert a good faith belief that the amount in controversy exceeds $75,000. A defendant must set out specific facts in the notice of removal which support the belief that there is more than $75,000 at issue in the case. Further, this showing by a defendant must be established by the preponderance of the evidence. Martin v. Franklin Capital Corp., 251 F.3d 1284, 1290 (10th Cir.2001).

The Notice of Removal filed by Defendant cites to the various types of damages sought by Plaintiff, but sets forth no facts which support Defendant's belief that the amount in controversy exceeds $75,000. Defendant offers nothing in the way of a calculation or estimate that supports by a preponderance of the evidence that the damages would exceed $75,000. While the court in Hanna v. Miller, 163 F. Supp. 2d 1302, 1305 (D.N.M. 2001) suggested that a court may consider the substance and nature of the injuries alleged in the complaint to determine whether the requisite amount is in controversy, nothing in the record of this case at the time of removal describes the nature

of Plaintiff's injuries or give any details regarding the nature or severity of the motor vehicle accident at issue.   Conclusory statements are insufficient to meet the burden of showing underlying facts supporting the requisite jurisdictional amount. See Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir.2004); Flowers v. EZPawn Oklahoma, Inc., 307 F.Supp.2d 1191, 1200 (N.D.Okla.2004).

Defendant argues that Plaintiff's evaluation of this case has been communicated to it, and is in excess of $75,000.  This information was not contained in the Notice of Removal, as Laughlin requires.  Defendant also argues that because Plaintiff's complaint "clandestinely" seeks punitive damages, the necessary amount in controversy is established. "Such reliance is misplaced. [I]t is not enough to tell the Court that Plaintiff[ ] seek[s] punitive damages, Defendant must come forward with evidence showing the likely award if Plaintiff[ ] were to succeed in obtaining punitive damage.'" Chase v. Conseco Senior Health Ins. Co., Slip Copy 2006 WL 89872 (W.D. Okla), citing Wilson v. Union Sec. Life Ins. Co., 250 F.Supp.2d 1260, 1264 (D.Idaho 2003) (collecting cases); see also Flowers v. EZPawn Okla., Inc., 307 F.Supp.2d 1191, 1200 (N.D.Okla.2004) (finding conclusory statement regarding punitive damages insufficient to meet burden of showing underlying facts supporting requisite jurisdictional amount).

Defendant has not met its burden of affirmatively establishing that the amount in controversy is this case exceeds $75,000, and has failed to overcome the presumption against removal jurisdiction. As a result, this Court has no subject matter jurisdiction over plaintiff's claim and must remand the case to state court for resolution. §28 U.S.C.  1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand [Docket No. 7] is hereby **GRANTED** and this matter is hereby **REMANDED** to the Second Judicial District Court

for the District of New Mexico.

                                                                       Richard L. Puglisi
                                             United States Magistrate Judge
                                                   (sitting by designation)